# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| ROBERT DAVIS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:17cv00307-JJV |
| NANCY A. BERRYHILL, Deputy | * |
| Commissioner for Operations, performing | * |
| the duties and functions not reserved to the | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Robert Davis, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Mr. Davis had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which he could perform despite his impairments. (Tr. 26-34.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Davis was forty-four years old at the time of the administrative hearing. (Tr. 47.) He testified to having graduated high school. (*Id.*) He has past work as a fast food restaurant short order cook and currently works as a self-employed janitor. (Tr. 46, 51.)

The ALJ[1] found Mr. Davis met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 28.) He has not engaged in any substantial gainful activity since the amended alleged onset date as his janitorial work does not generate enough income to qualify. (*Id.*) He has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 28-29.)

The ALJ determined Mr. Davis had the residual functional capacity ("RFC") to perform a reduced range of sedentary work with a sit/stand option. (Tr. 29.) Based on his RFC, the ALJ determined Mr. Davis could no longer perform his past work. (Tr. 32-33.) He, therefore, utilized

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the services of a vocational expert to determine if jobs existed that Mr. Davis could perform despite his impairments.  (Tr. 33.)  Based on the vocational expert's testimony, the ALJ determined Mr. Davis could perform the jobs of surveillance system monitor and call-out clerk.  (Tr. 33-34.)  Accordingly, the ALJ determined Mr. Davis is not disabled.  (Tr. 34.)

The Appeals Council received additional evidence but denied Mr. Davis's request for a review of the ALJ's decision.  (Tr. 1-3.)  Therefore, the ALJ's decision is the final decision of the Commissioner.  (*Id.*)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)  In support of his Complaint, Mr. Davis argues the Commissioner's decision is not supported by substantial evidence on the record as a whole.  (Doc. No. 13 at 28-30.)

Mr. Davis clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find the ALJ's opinion is supported by substantial evidence on the record as a whole.

Mr. Davis argues the ALJ incorrectly determined his RFC because it is not supported by any of Plaintiff's treating physicians.  (Doc. No. 13 at 28.)  Mr. Davis additionally asserts the ALJ improperly relied on his own inferences after not crediting the state agency medical consultants' opinions.  (Doc. No. 13 at 28-29.)  After carefully considering the record, I find these arguments to be without merit.

The ALJ made his decision by utilizing medical evidence, the vocational expert's testimony, and evidence from the administrative hearing.  (Tr. 32.)  Charles Friedman, M.D., and Rita Allbright, M.D., reviewed the medical evidence and determined Mr. Davis could perform "E3 to medium work."  (Tr. 68, 96.)  Through consideration of medical evidence and testimony, the ALJ reduced Mr. Davis's RFC to limited sedentary work.

The medical evidence from Mr. Davis's doctors affirmatively expresses his functional capabilities. Orthopedist Jeremy Swymm, M.D., noted Mr. Davis had full range of motion in his fingers and wrists. (Tr. 22.) He did mention treatment options Mr. Davis could pursue for his osteoarthritis to which Mr. Davis said he "might go to Walgreen's and get a brace." (*Id.*) Surgeon Mark Reiner, D.P.M., expressed that Mr. Davis experienced only a "mild amount of pain after long periods of standing/walking, for example after a work shift." (Tr. 625.) And Terry Kosinski, M.D., Mr. Davis's primary physician, diagnosed his degenerative disc disease which the radiologist determined was minimal to mild. (Tr. 644-645.) Mr. Davis also continually improved in physical therapy. (Tr. 658.)

The ALJ also relied on the vocational expert's testimony. The ALJ is permitted to rely on the vocational expert's testimony when all of the functional factors are accounted for in the hypothesis. *See Jones v. Astrue*, 619 F.3d 963, 978 (8th Cir. 2010). The ALJ provided the vocational expert with hypothetical limitations more restrictive than that recommended by the state agency medical consultants and consistent with Mr. Davis's testimony. (Tr. 57-58.) Plaintiff argues there is no medical evidence from which the ALJ derived the "sit six hours in an eight-hour workday" restriction, but it can be deduced from the durations to which Mr. Davis testified. (Doc. No. 13 at 30, Tr. 52-53.) None of Mr. Davis's doctors have diagnosed or commented on any impairment affecting Mr. Davis's ability to sit for lengthy periods of time, only for standing. (Tr. 372.) Additionally, the ALJ restricted the RFC to the exact durations to which Mr. Davis testified. (Tr. 29, 53.)

Though Plaintiff argues the ALJ should have sought a treating doctor's consultation, the ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., *Sutton v. Barnhart*, 368 F.3d 857, 863 (8th Cir.

2004); *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Additionally, Plaintiff is reminded he has the burden of proving his disability. E.g., *Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).

Plaintiff has advanced other arguments which I find are without merit. Mr. Davis's counsel has done an admirable job of advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 4th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE